No. 19,205.

ROBERT ROBLEK, D/B/A WESTERN APPLIANCE AND
FURNITURE *v.* ROBERT HORST, ET AL.

(362 P. [2d] 869)

Decided June 12, 1961.   Rehearing denied July 3, 1961.

Mr. JACK JENKINS, for plaintiff in error.

56

Mr. JOHN R. WALL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

ON January 14, 1959, Roblek, doing business as Western Appliance and Furniture, filed suit against Horst, alleging that Horst on November 18, 1958, executed a promissory note for $3,731.94 in favor of Roblek, that Horst was in default, having paid nothing on this note, and accordingly sought judgment for $3,731.94 and interest and for attorney's fees in the amount of 15% of $3,731.94, as provided by the note. In a separate claim Roblek also sought judgment for possession of an air conditioner, a camera and 7 projectors which Horst had conveyed to Roblek by a chattel mortgage executed simultaneously with the note. In connection with these chattels Roblek sought, in addition to a judgment for possession, a further order authorizing their sale with the direction that the net balance from such sale be applied on the indebtedness found to be due on the promissory note.

On February 19, 1959, Roblek by amended complaint added a third claim in which he alleged that on August 22, 1958, Horst executed a certain chattel mortgage in which he conveyed to Roblek a 1955 Cadillac automobile with the provision that if Horst should pay a certain note executed on the same day, the conveyance should be void, otherwise it should be in full force and effect. It was further alleged that Horst was in default in his payments on this note and accordingly Roblek sought judgment for possession of the 1955 Cadillac with the further order that the automobile be sold and the net balance from the sale applied on the amount of the note. In connection with this third claim Roblek caused a writ of replevin to issue and the sheriff of Pueblo

County seized and took possession of the 1955 Cadillac on February 19, 1959.

On March 10, 1959, one Geraldine L. Frazer was permitted by order of court to intervene and by her complaint in intervention she alleged that the 1955 Cadillac seized by the sheriff under the writ of replevin belonged to her and not Horst and that by reason of the wrongful taking and detention she had been deprived of the use and benefit of such automobile; had suffered embarrassment and mental distress; had been compelled to incur attorney's fees in an effort to regain possession of the automobile; and she accordingly sought judgment for compensatory damages in the amount of $2,500. She also alleged that Roblek acted maliciously and with a wilful and reckless disregard of her rights and feelings and asked for exemplary damages in the amount of $5,000. Subsequently Mrs. Frazer was permitted to amend her complaint in intervention to include a request for possession of the Cadillac and for a body judgment.

In response to these three claims Horst filed an answer in which in essence he denied all. Roblek by way of answer to the complaint in intervention admitted that the sheriff seized the Cadillac "in execution of a writ of replevin," but denied that the automobile belonged to the intervenor, Geraldine L. Frazer; admitted that on November 18, 1959, he signed a release of the chattel mortgage executed on August 22, 1958, but averred that said release was invalid because there was no consideration therefor. For a final defense Roblek alleged that Horst in obtaining the release "falsely promised Robert Roblek * * * that he would sell the vehicle [the Cadillac], apply the proceeds realized from the sale thereof to the first lien on said vehicle and thereby enable himself to pay the indebtedness of * * * $3,731.94 then owed to the said Robert Roblek."

The case was tried to a jury and after the presentation of all evidence the trial court took the following action:

(1) dismissed Roblek's claim for judgment on the promissory note of November 18, 1959; (2) directed a verdict for Roblek for possession of the air conditioner, camera and 7 projectors; (3) directed a verdict for Frazer for possession of the 1955 Cadillac, and in so doing of necessity dismissed Roblek's claim for possession of the same automobile; (4) submitted to the jury the issue of actual damages suffered by Frazer, together with the issue of exemplary damages, and a special interrogatory designed to ascertain the propriety of a body judgment against Roblek. The jury returned a verdict awarding $1,500 as actual damages to Frazer, but disallowed exemplary damages. The jury also answered the special interrogatory in the negative and by its answer precluded entry of a body judgment. Appropriate judgments were entered and Roblek alone seeks reversal by writ of error. Error is assigned to: (1) the judgment dismissing his claim based on the promissory note of November 18, 1959; (2) the judgment for $1,500 entered for Frazer against Roblek on the former's complaint in intervention.

A brief statement of the factual background out of which the controversy arose is necessary to an understanding of the issues here to be resolved. Roblek was engaged in the sale of home appliances and furniture and for several months in 1958 Horst was one of his salesmen. Over this period of time Horst became indebted to Roblek for cash advances and for monies received by Horst on sales but not remitted to Roblek. Accordingly, on August 22, 1958, Horst as evidence of this indebtedness signed a promissory note in favor of Roblek for $1,800. To secure payment of this note Horst also executed a chattel mortgage covering an air conditioner, a camera, 7 projectors, and a 1955 Cadillac. This note called for monthly payments of $150, none of which was ever met by Horst. In November 1958 Horst and Roblek engaged in further discussions pertaining to their financial relationship. Horst particularly desired that Roblek

release his chattel mortgage on the 1955 Cadillac, and proposed that if Roblek would release this chattel mortgage he would then sell the Cadillac, and with the proceeds pay a prior lien on the Cadillac held by a Denver Bank and with the balance, if any, he would then pay certain of his creditors. In this regard Roblek freely admitted that he did not expect to receive any of the monies realized from the proposed sale of the Cadillac. Horst also stated to Roblek that he would then buy a less expensive car calling for monthly payments substantially less than those required on the Cadillac and his attractive suggestion to Roblek was that the over-all effect of this transaction would be to materially improve his general financial picture to the end that he could then look forward to making monthly payments on his indebtedness to Roblek. Roblek agreed to this proposal and on November 18, 1958, released the chattel mortgage theretofore signed on August 22, 1958, and cancelled the note of the same date. In return therefor on this same date Horst signed a new note in favor of Roblek, not for $1,800 but for $3,731.94, it being agreed this was the amount then owed. To secure this note Horst executed another chattel mortgage which covered the air conditioner, camera and projectors, but not the Cadillac. The release of the earlier chattel mortgage was recorded with the County Recorder on November 19, 1958. Horst made no payments on this new or second note and on January 14, 1959, Roblek instituted the present action. The facts above set forth were undisputed and not even controverted by any party.

In support of her complaint in intervention Frazer testified that on November 20, 1958, she purchased Horst's Cadillac for $2,000 and to support her claim of ownership produced a certificate of title issued by the State of Colorado which confirmed her purchase of the vehicle from Horst. It was further established that with the proceeds of this sale Horst paid the Denver bank, which held a prior and first lien on the Cadillac, and

also some of his other creditors, and was able to purchase a 1950 Chevrolet.

■ The first assignment of error relates to the propriety of the trial court's dismissal of Roblek's claim for judgment on the note of November 18, 1958. As will be commented upon in somewhat greater detail, infra, the record before us appears to be incomplete in several important particulars. For example, there is nothing in the record to indicate the reason for the trial court's dismissal of Roblek's claim on the promissory note of November 18, 1958. It is undisputed that Horst signed the note to evidence his admitted indebtedness to Roblek and to provide for its payment. Horst admitted that he paid absolutely nothing on the note. His present contention that Roblek's immaterial alteration of the chattel mortgage by some sort of legal legerdemain vitiates the obligation created by the note is devoid of merit. Accordingly, the judgment dismissing Roblek's claim on the note of November 18, 1958, is reversed and the trial court is directed to forthwith enter judgment for Roblek against Horst in the sum of $3,731.94 with interest from December 1, 1958, to the date of the judgment at the rate provided in the note, and for the additional sum of $559.79 for attorney's fees as provided in the note.

■ Roblek's remaining assignments of error relate to the action of the trial court wherein it directed a verdict for Frazer and against Roblek for possession of the 1955 Cadillac and submitted to the jury the issues of actual and exemplary damages and the special interrogatory concerning body judgment. Roblek contends that the trial court should have submitted the issue of "right to possession" to the jury and in particular urges that his affirmative defense that the release of the chattel mortgage on the 1955 Cadillac was procured by fraud presented a question of fact to be resolved by the jury. It was undisputed that Roblek executed a release of the chattel mortgage on the 1955 Cadillac and delivered the same to Horst who promptly filed it with the County

Recorder. It is equally undisputed that thereafter Horst sold the automobile to Frazer who paid $2,000 therefor and in due time received her certificate of title in the form prescribed by applicable statutes. See C.R.S. '53, 13-6-7, 8 and 9. Careful examination of the record fails to disclose any evidence to support Roblek's affirmative defense that the release was procured by fraud. Roblek predicates his claim of fraud on his assertion that Horst led him to believe that the car would be sold to someone other than Mrs. Frazer. If so, such was certainly an immaterial representation. Roblek's suspicions were thereafter understandably aroused when he later learned that Mrs. Frazer and Horst were social friends and that on several occasions after November 20, 1958, she loaned the Cadillac to Horst for his personal use. This, however, does not vitiate the admitted fact that Roblek released the chattel mortgage on the Cadillac and delivered the same to Horst, who in turn promptly recorded it. In short, Roblek did not make a prima facie showing of actionable fraud. Fraud was neither pleaded nor proved in the manner and with the particularity required by Rule 9 (b), R.C.P. Colo., and *Ginsberg v. Zagar,* 126 Colo. 536, 251 P. (2d) 1080. The trial court under the present record was correct in directing a verdict for Frazer and against Roblek for possession of the Cadillac. There was no issue of fact to be resolved by the jury, but only an issue of law to be resolved by the court. See *Codding v. Jackson,* 132 Colo. 320, 287 P. (2d) 976, and *Amarillo Auto Auction, Inc. v. R. J. Hutchinson,* 135 Colo. 320, 210 P. (2d) 715.

▆ Roblek also urges error in connection with the instructions given the jury and, conversely, with the action of the trial court in refusing to give his tendered instructions. The record before us does not contain any instructions tendered by Roblek nor does it set forth his objections, if any, to the instructions actually given. The record does disclose that the trial court suggested that the instructions be read to the jury and that only

after final argument was concluded would the record in connection with the instructions be made. The transcript is silent as to whether such record was ever actually made. Such practice of delaying the making of the record in connection with instructions until after they are read to the jury does violence to Rule 51, R.C.P. Colo. Suffice it to say that Roblek on this record certainly is in no position to predicate error in connection with instructions given or allegedly refused.

At trial counsel for Frazer read into the record in the presence of the jury certain statutes and Rules of Civil Procedure which he deemed to be of an evidentiary nature and pertinent to the issues of the case. Counsel for Roblek initially objected to this procedure, but after colloquy between counsel and the trial court indicated he had no objection thereto. Such being the state of the record he cannot now successfully predicate error thereon.

It is finally urged that the award of $1,500 as compensatory damages is as a matter of law excessive, and that the trial court committed error in submitting to the jury the issue of exemplary damages and the special interrogatory. The jury declined to award exemplary damages and by its negative answer to the special interrogatory precluded the issuance of a body judgment. Such being the case, any possible error, if such there be, in connection with the submission of these issues to the jury is now of only academic interest and of a non-reversible nature. In support of her claim for compensatory damages Frazer outlined in some detail her use of the Cadillac both for social and business purposes. She also testified that during this period of time she particularly needed the car to travel to Colorado Springs where she was then undergoing almost daily treatment at a cancer clinic. She also called as her witness the manager of a car rental service who testified as to the value of the daily and monthly use of a 1955 Cadillac. True, there was evidence which established that when

the 1955 Cadillac was seized by the sheriff it bore improper license plates, and Roblek argues that this fact alone precludes the award of any damages for loss of use. Such does not follow. Frazer owned the Cadillac and had her certificate of title to prove it. Upon the payment of license fees she was entitled to the issuance of 1959 plates. Roblek by his improvident action of causing a writ of replevin to issue deprived Frazer of the use of her property. Under Rule 104 (m), Colo. R.C.P., a party to a replevin action who is ultimately adjudged to have the right to possession is also entitled to damages for the unlawful taking and detention of the chattel. All things considered, this Court is of the opinion that the verdict of $1,500 was not as a matter of law excessive.

Accordingly, the judgment dismissing Roblek's claim based on the promissory note executed by Horst on November 18, 1958, is reversed and the cause remanded with directions to enter judgment for Roblek as hereinabove prescribed. In all other respects the judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE SUTTON concur.