Mr. Justice Sutton
delivered the opinion of the Court.
Plaintiff in error Nunn, who was plaintiff in the trial court, brought an action against Richard Car-Skaden seeking $61,068.24 damages for personal injuries sustained as a result of Nunn’s falling or being thrown from the back of Car-Skaden’s truck. Car-Skaden answered entering a general denial and asserted the defenses of the guest statute, assumption of risk, joint enterprise, contributory negligence and also the sole negligence of Nunn. He later amended the answer to include the defense of unavoidable accident. Following trial the jury returned a verdict for defendant CarSkaden.
On writ of error by new counsel, Nunn urges the following four grounds for reversal:
(1) It was error to instruct the jury on unavoidable accident since there was no evidence that the accident could not have been foreseen and prevented by reasonable care;
(2) It was error to instruct the jury on assumption of risk since there was no evidence that the plaintiff knew of the danger involved or voluntarily assented to it;
(3) It was error to instruct the jury on contributory negligence since there was no evidence that the plaintiff failed to act in any way other than as a reasonably prudent man; and,
(4) It was error to fail to instruct the jury on mortality tables and plaintiff’s life expectancy based thereon.
Car-Skaden assigns as cross-error the trial court’s adverse ruling on his further defense that plaintiff was barred from recovery by reason of the guest statute.
The evidence shows that on September 7, 1959, Nunn and his wife were returning from a camping trip and passed through Crystal City, Colorado, on their way to *330 Grand Junction. They stopped to say “hello” to the CarSkaden family, and during the visit Nunn was asked by Car-Skaden to help move some picnic furniture. Thereafter the two went in Car-Skaden’s stake-pickup truck to a picnic area on the edge of town where they loaded onto the truck bed a wooden picnic table with benches attached, another bench and a trash barrel. They then went to a second picnic area where they loaded more barrels and another table with benches attached, placing this table topside down on top of the first table, the legs of the second table protruding somewhat above the cab. At this time both men realized that the furniture was somewhat unstable, and prior to the trial Nunn testified in his deposition in regard thereto:
“* * * yye closed up the tailgate and the furniture being stacked rather high on the truck and Mr. CarSkaden obviously being the driver and familiar with the truck, I volunteered to stand at the back or half-sit and half-stand at the back and steady the furniture on the way back. * * *” (Emphasis added.)
However, at the trial, when he was asked on cross-examination if that was his testimony, he attempted to qualify it by saying: “I shouldn’t have said I volunteered, flatly. I should have said, that was a situation in which a voluntary gesture would have been normal.”
Nunn then testified though that he placed himself in such a position that he was leaning or half-sitting on one of the tables with his feet atop one of the trash barrels. The truck then was driven by Car-Skaden at a low rate of speed out of the picnic area on the dirt route by which it had entered. There were trees along this portion of the roadway, the branches of which overhung the road. It appears that the road also had a slight rise as it left the area (the exhibits show a rise of 1.24 feet in a distance of 7 feet) and at the beginning of the rise Car-Skaden slowed his truck almost to a stop. As he thereafter accelerated the vehicle slightly *331 to get it up the rise one of the picnic tables and the plaintiff fell or were thrown off of the back of the truck. Nunn testified in this regard “* * * the acceleration provided the bump apparently which threw us off,” although at other points in the record he stated that it was the tree branches which knocked him off of the truck. In his deposition he also had testified regarding the tree branches that prior to the time he was thrown off he “* * * became apprehensive of these trees that I knew were along the road.” Again, however, at the trial he denied having observed the trees before the accident. Car-Skaden also testified that he had known the tree limbs were there prior to the accident but had not thought that they were low enough to do any damage.
With the above factual background in mind we turn to the grounds urged for reversal.
I.
Nunn’s first point of error concerns the instruction on unavoidable accident. Car-Skaden, however, urges that since no objection was made in the trial court either to the amendment of the answer to include this defense, or to the giving of the instruction itself, no objection can be raised on this writ of error. He cites R.C.P. Colo. 51 which we agree is controlling here. We thus conclude that the purported grounds urged by plaintiff for reversal should not be considered in this proceeding. See Roblek v. Horst, 147 Colo. 55, 362 P.2d 869 (1961).
II.
In our view the instruction on assumption of risk was properly given. Nunn cites Mathias v. Denver Union Terminal Ry. Co., 137 Colo. 224, 323 P.2d 624 (1958) and cases from other jurisdictions for the proposition that knowledge and appreciation of the danger are essential ingredients for a finding of assumption of risk. He claims that these elements are wholly lacking in the instant case. Mathias does not apply here; however, the *332 jury conceivably could have found, and apparently did, that Nunn did not fall off the truck when Car-Skaden accelerated it but did fall after being struck by a low hanging limb — a known risk voluntarily assumed by him. This is especially true in view of Nunn’s deposition statement to the effect that he was worried about the limbs before the accident occurred. In addition, the jury might also have found that Nunn, in view of his own testimony, was aware of the danger of being jolted out of the truck bed. In any event it is clear that he voluntarily assumed a known dangerous position. C.f., Dugan v. Kuner-Empson Co., 149 Colo. 343, 369 P.2d 82 (1962).
III.
As to whether it was error to instruct the jury on contributory negligence, we conclude it was not. The recited evidence shows this was an issue in the case and the defendant was thus entitled to an instruction thereon. See Orth v. Bauer, 163 Colo. 136, 429 P.2d 279 (1967) and Newbury v. Vogel, 151 Colo. 520, 379 P.2d 811 (1963).
IV.
As to the refusal of the trial court to instruct on the mortality tables and Nunn’s life expectancy, suffice it to say that he has conceded that this alleged defect is moot in the event that we find no reversible error among his other three points of error. Therefore, in view of our other rulings we need not decide this issue. Nor is there any necessity to discuss Car-Skaden’s assignment of cross-error.
The judgment is affirmed.
Mr. Chief Justice Moore not participating.