[Crim. No. 36. Filed March 18, 1886.]

[S. C. 10 Pac. 367.]

THE TERRITORY OF ARIZONA, Plaintiff and Respondent, v. FRANK NELIGH et al., Defendants and Respondents.

1. CRIMINAL LAW—APPEAL AND ERROR—TRANSCRIPT OF REPORTER'S NOTES—RECORD DEFECTIVELY CERTIFIED—EFFECT AS BILL OF EXCEP-.TIONS.—Neither the reporter's transcript of the testimony nor papers bearing the certificate of the clerk, where such certificate does not show that the record of the action is sent up, but only such portions thereof as are mentioned in such certificate, can have the effect of a bill of exceptions.

2. SAME—APPEAL AND ERROR—INSTRUCTIONS—REFUSAL OF REQUESTS TO INSTRUCT WILL NOT BE REVIEWED WHEN TESTIMONY AND IN-STRUCTIONS GIVEN ARE NOT IN RECORD.—Where the testimony and instructions actually given are not in the record on appeal refusal of requests to instruct will not be reviewed.

3. SAME—EVIDENCE—UNCORROBORATED TESTIMONY OF ACCOMPLICE IN-SUFFICIENT TO CONVICT.—The jury should not find the defendants guilty from the uncorroborated testimony of an accomplice.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Graham. Affirmed.

o

The facts are stated in the opinion.

P. J. Bolan and F. H. Hereford, for Appellants.

Clark Churchill, Atty. Gen., for Respondent.

Per Curiam.   The defendants were convicted of the crime of grand larceny, at a session of the district court in and for the county of Graham, on the thirteenth day of September, A. D. 1884.   They now bring error, and ask a review by this court of the proceedings upon such trial.

The case is in no shape to present any of the questions, if we saw fit to rule upon them.   There is no bill of exceptions at all, but simply a mass of papers which are stated by the stenographer of the court to be the testimony in the cause. Such papers, it is needless to say, cannot have the effect of a bill of exceptions.   The papers presented to us are defective in others respects.   The certificate of the clerk does not show that the record of the action is sent up, but only such portions thereof as are mentioned by him in his certificate.   Of course, such papers could not have the effect of a bill of exceptions.   We have, however, looked through this mass of testimony returned, and have satisfied ourselves that the defendants had a fair and impartial trial, and that no exceptions to rulings were taken that have any merit to them at all, or that in the slightest degree prejudiced the rights of the defendants.

Two instructions were given, which, it is insisted, were wrong, and the giving of them was such error as should work a reversal of the conviction.   These were as follows:

(1)   "The jury are further instructed that when a witness swears to a certain fact, at a certain time, and afterwards swears differently at another time, his whole evidence must be looked upon with suspicion."

(2)   "The jury are instructed if they believe from the evidence that the witness Sloan was an accomplice, then he must be corroborated by other evidence."

As to the first request, it is not necessary to say whether it is good or bad law.   The testimony is not here so that we could see, so we are unable to say whether it was warranted

by the testimony or not. In the second place, the instructions as actually given are not before us, so that we do not know but that the request was substantially given in the general instructions of the court.

As to the second request, we do not think it is in such form as to reach the point aimed at by counsel, which undoubtedly was that the jury should not find the defendants guilty from the uncorroborated testimony of an accomplice. This states the law of this territory correctly. It could do no harm, however, as we fail to see anything in the testimony that is sent up here that would indicate that Sloan is an accomplice. We have looked through this mass of testimony before us, and there is nothing in it to indicate that Sloan was in any manner or in any form an accomplice. He testified to seeing the defendants killing the cattle, and that is all upon which the request could have been based.

It is not necessary to consider the cause further. The conviction below will be affirmed.