#### OF THE

# TERRITORY OF ARIZONA

#### DURING THE YEAR 1889.

---

[Criminal No. 45.   Filed January 18, 1889.]

[20 Pac. 94.]

THE TERRITORY OF ARIZONA, Plaintiff and Respondent, v. P. F. CLANTON, Defendant and Appellant. ·

1. JURY—SPECIAL VENIRES—REV. STATS. ARIZ. 1887, SECS. 2175 ET SEQ., CONSTRUED.—Where special venires are issued in term, directed to the sheriff to serve, and the names returned are properly put in the box, and drawn by the clerk, the proceedings are regular under statutes, *supra,* and the jury properly summoned.

2. APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS—REVIEW OF EVIDENCE—INSTRUCTIONS.—Where the bill of exceptions and the transcript show that the evidence is not all preserved in the record this court cannot pass upon questions of admissibility of evidence or errors in instructions.  All the evidence must be before the court.

3. SAME—ABSTRACT OF EVIDENCE.—An abstract of all the evidence signed by the trial judge properly presents the evidence on appeal.

4. WITNESSES—IMPEACHMENT—CONTRADICTION UPON IMMATERIAL MATTER—REV. STATS. 1887, SEC. 2055, CRIMINAL CODE, CITED.—Where the prosecuting witness made affidavit of poverty under statute, *supra,* such affidavit, not being material to the issue, was inadmissible.  A witness can be contradicted only upon a matter material to the issue.

5. JURY—PROVINCE OF—REMARKS OF JUDGE.—The remark of the judge, that the affidavit of the witness could not be considered as bearing upon his credibility, was the statement of the law, and in no way trespassed upon the province of the jury.

6. CRIMINAL LAW—MORAL CERTAINTY—REASONABLE DOUBT.—Proof to a moral certainty is not required in a criminal case. All reasonable doubt of defendant's guilt must be removed—no more.

7. SAME—WITNESS—VERACITY—CHARACTER—EVIDENCE—GENERAL REPUTATION—PROCEDURE REGULATED BY STATUTE IN FORCE AT TIME.—Confining proof of character of a witness to his general reputation in the neighborhood where he resided, for truth and veracity, is the common-law rule adopted by the new statute, and the course of procedure in criminal and civil trials is governed by the law in force at the time.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Apache. James H. Wright, Judge. Affirmed.

The facts are stated in the opinion.

W. Johnston, and C. L. Gutterson, for Appellant.

The court expressed an opinion as to the weight of evidence introduced by the defendant to impeach the character of the principal witness for the territory, A. G. Powell, which was error. "The court cannot *weigh* evidence and determine its *sufficiency* as a matter of law. The jury are the exclusive judges of the credibility of witnesses, the weight of testimony and the facts established, and the presumption of facts deducible from them." *People* v. *Smith*, 61 Cal. 248; *People* v. *Ybarra*, 17 Cal. 171; *People* v. *Welden*, 51 Cal. 590; *People* v. *Wong Ah Ngow*, 54 Cal. 153, 35 Am. Rep. 69; *People* v. *Lutherington*, 59 Cal. 598; *State* v. *McGinness*, 5 Nev. 280.

"The court cannot say that such a witness is biased or not, or that his testimony must be viewed with suspicion. *As a matter of law, the jury must weigh the evidence.*" *Kansas Pac. Ry. Co.* v. *Little*, 19 Kan. 270.

"Whether the presumption (i. e. that witness told the truth) is removed by evidence is a matter of which the jury are the exclusive judges." *People* v. *McLane*, 60 Cal. 413.

"It is not proper for a court to make remarks in the hearing of the jury calculated to influence their findings." *Skelly* v. *Roland*, 78 Ill. 438; *Fusdam* v. *Huntsville*, 54 Ala. 263; *Wannock* v. *Milwan*, 21 Wis. 217,

"The court may instruct the jury what is evidence, but not

what it proves." *Russ* v. *Steamboat,* 9 Iowa 374; *Thompson* v. *Hovey,* 43 Ill. 198.

"It is a familiar doctrine that it is the special province of the jury to judge of the weight and credibility of the evidence as establishing or not a particular fact in issue." Bishop's Criminal Procedure, 979; *Berry* v. *State,* 10 Ga. 511; *Noland* v. *State,* 19 Ohio, 131; *Ruther* v. *Co.,* 2 Met. (Ky.) 387; *Bill* v. *People,* 14 Ill. 432; *Newcomb* v. *State,* 37 Miss. 383; *Coates* v. *Elliott,* 23 Tex. 608.

As to the *ex post facto* feature of the court's construction of the statutes of 1887 as to evidence in this case, in *People* v. *Mortimer,* 46 Cal. 115, it is held that statutes which affect only matters of procedure are not *ex post facto.* What is "procedure"? It is defined by Bishop's Criminal Procedure, par. 2, vol. 1, 2d ed., which definition and its author are both approved in *King* v. *Missouri,* 107 U. S. 221, 222, 2 Sup. Ct. Rep. 443.

"In criminal cases the principles of law invoked by the defendant should be stated to the jury in clear and explicit terms, as the error is not cured by the fact that it was in substance given by the court." *People* v. *Ramirez,* 13 Cal. 173; *Waldie* v. *Dall,* 29 Cal. 561; *People* v. *Ramirez,* 56 Cal. 538; *People* v. *Hobson,* 17 Cal. 431; *People* v. *Kelly,* 28 Cal. 427, 428; *People* v. *Strong,* 30 Cal. 154, 158; *People* v. *Williams,* 32 Cal. 285.

John A. Rush, Attorney-General, for Respondent.

BARNES, J.—This cause was tried upon an indictment charging defendant with the crime of the larceny of a calf. Defendant was found guilty, and sentenced to a term of imprisonment. It is urged that the court erred in issuing the several special venires to fill up the panel of trial jurors without drawing the names, as required by section 2175 *et seq.* These venires were issued in term, were directed to the sheriff to serve, and the names returnd by him were properly put in the box, and drawn by the clerk. The jury were properly summoned, and the proceedings were regular. Errors have been assigned as to the rulings of the court as to the admission of evidence, and also based upon the instructions of the court; and yet the bill of exceptions and the transcript show that the evidence is not all preserved in the record. It is

impossible to pass upon such questions unless all the evidence is before us. This may be and we think the better practice is to be effected by an abstract of all the evidence signed by the trial judge. We cannot see that an error was committed as to the admission or rejection of evidence, unless we can see what relation the evidence bears to the whole case. The same is true as to the instructions. All the evidence must be before us.

We have, however, looked into the bill of exceptions, which only purports to preserve a portion of the evidence, and find that error is assigned as to the admission of an affidavit of the prosecuting witness—that he was a poor person, to entitle him to his necessary expenses for attending as a witness upon the court, as is provided by section 2055 of the Criminal Code —offered by defendant. This affidavit was not competent evidence for any purpose. The witness was not swearing to any matter material to the issue before the jury, and he could be contradicted only upon a matter material to the issues. The remark of the judge that the affidavit of the witness could not be considered by the jury as bearing upon his credibility, was the statement of the law, and in no way trespassed upon the province of the jury.

The instructions laid down the law correctly. Proof to a moral certainty is not required in a criminal cause. All reasonable doubt of defendant's guilt must be removed; no more. See *Territory* v. *Barth,* 2 Ariz. 319, 15 Pac. Rep. 673.

The assignment of error that the court erred in confining proof of character to the general reputation of the witness Powell, to his general reputation in the neighborhood where he resided, for truth and veracity, is not tenable. The law is well settled that the course of procedure in criminal and civil trials is governed by the law in force at the time. The new statute having adopted the common-law rule on this subject, we think the ruling of the court was correct.

We see no error in the record, and the cause is affirmed.