292 P.2d 199

Michael D. BEAN, a Minor by Gleason Bean, his Guardian ad litem, and Gleason Bean, Appellants,

v.

Francis L. GORBY, Appellee.

No. 5976.

Supreme Court of Arizona.

Jan. 17, 1956.

Alan Philip Bayham and Raymond Huffsteter, Phoenix, for appellants.

Shimmel, Hill & Cavanagh, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from an order made and entered March 8, 1954, denying plaintiffs' motion for a new trial. Strange as it may seem, there is no appeal from the judgment entered in the case. It appears, however, that under the provisions of section 21–1702, A.C.A.1939, an appeal will lie from an order denying a motion for a new trial. Merrill v. Wheeler, 17 Ariz. 348, 152 P. 859; Pacific Finance Corp., of Cal. v. Morrow, 76 Ariz. 207, 262 P.2d 247. The motion for a new trial in the instant case, omitting the title, reads as follows:

"Comes Now the Plaintiffs and move the Court for an order setting aside the verdict of the jury and the judgment of the Court entered thereon, and for an order granting to the Plaintiffs a new trial for the following reasons:

"1. Errors in the admission and the rejection of evidence;

"2. Errors of law occurring at the trial or during the progress of the cause;

"3. Errors in the granting of instructions and the charging of the jury over

the objections of Plaintiffs and in the refusing of instructions which had been requested by Plaintiffs;

"4. Because the verdict and judgment are not justified by the evidence and are contrary to the law;"

The appellant has presented eight assignments of error for our consideration. Only assignment of error No. 8 is directed at the order denying plaintiffs' motion for a new trial. The assignment of error reads as follows:

"The Court erred in refusing to grant appellant's Motion for a New Trial for the reason that appellants were entitled to have the jury instructed as to the "Doctrine of Last Clear Chance" and that a child on the street is not a trespasser, and for all of the other reasons specified in all of the foregoing Assignments of Error."

The instructions referred to in this assignment of error constitute the basis of appellants' assignments of error Nos. 2 and 3. The court will therefore consider assignments of error Nos. 2, 3 and 8 together.

In the consideration of these assignments of error we are circumscribed by the record made by appellants in the superior court in the trial of the case. Section 21–1019, A.C.A.1939, provides in part:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

An examination of the transcript of evidence discloses that appellants interposed the following objection to the instruction on the doctrine of last clear chance, which is plaintiffs' requested instruction No. 14:

"Plaintiffs take exception to the refusal to give plaintiffs' No. 14 on grounds that the plaintiffs' requested instruction was not given."

Rule No. 10 of this court, subdivision 5 thereof, relating to the refusal to give instruction asked by appellant reads as follows:

"If the refusal to give an instruction asked for by appellant in the court below be assigned as error, the assignment must state the applicability of such instruction to the fact or facts in the case."

It will be seen that counsel for appellants in the trial court neither stated distinctly nor at all the grounds of his objections to this instruction, nor did he state in his assignment of error in this court the applicability of such instruction to the fact or facts involved therein. In either case we are precluded from consideration of the refusal of the court to give instruction No. 14. Sibley v. Jeffreys, 76 Ariz. 340, 264

P.2d 831; Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795.

There is also included in said assignment as a ground of error that the court refused to instruct that a child on the street is not a trespasser. This includes the first two lines of appellants' requested instruction No. 8 which is appellants' assignment of error No. 3. The transcript of the evidence discloses that appellants made the following objections to the court's refusal to give instruction No. 8 before the cause was submitted to the jury:

"Plaintiffs take exception to the refusal to give plaintiffs' instruction No. 8 on the grounds that the matter requested in paragraphs 2 and 3 are not included."

This places instruction No. 8 in the same category as instruction 14 hereinabove discussed.

Assignment of error No. 8 is based upon the further ground, " * * * and for all of the other reasons specified in all of the foregoing assignments of error."

We are of the view that under the provisions of subdivision 2 of Rule 10 of this court we have the authority under this assignment to consider the remaining five assignments of error.

■ The first assignment of error is based upon the admission in evidence of the report of a deputy sheriff concerning the accident upon the ground that it was incompetent and was hearsay.

Under the rule laid down in Welch v. Medlock, 79 Ariz. 247, 286 P.2d 756, it was error to admit this report in evidence. It evidently was not considered by the deputy sheriff to be a report which the provisions of section 66-153r(c), 1952 Supp., A.C.A. 1939, required to be filed with the State Highway Department. In any event it was not filed with that department but was kept in the sheriff's office until the date of trial. There is no law requiring such a report to be either lodged or filed with the sheriff's office. It never became a public record. There is also the further ground for excluding it from evidence for the reason that the witness who made the report was present at the trial, took the witness stand and testified to everything in the report except what Gorby, the bus driver, is supposed to have told him. We do not believe, under the circumstances of this case, that the verdict would have been different if the report had been excluded from the evidence. This being true, its admission was not prejudicial error.

■■ The fourth assignment of error is predicated upon the claim that the court erred in charging the jury in a lengthy, repetitious and argumentative manner thereby unduly prejudicing the jury against the plaintiff. We disapprove the frequent repetition of statements to the jury that "you must find for defendant and against plaintiff" or "you must find against the plaintiff", or that "you must find for the plaintiffs" or of any other matter empha-

sizing or depreciating the importance of any issue in the case. As was said in the case of Baker v. Thompson, 337 Ill.App. 327, 85 N.E.2d 924, because of the high regard in which the jury holds the trial judge, it is bound to impress its members with the idea that it expresses his personal views and that they should act in accordance therewith. Undue repetition of this nature may thus constitute grounds for reversal but it must also appear from the record that plaintiff objected to the giving of these instructions for this reason in the trial court. Nowhere in the record does an objection of this nature appear. While there are specific objections to individual instructions there is no objection on the basis of their being unfairly repetitious. In order to preserve his right to appeal from such errors of the lower court he must distinctly set forth the grounds for objecting which gives that court an opportunity to pass upon that particular proposition of law. Vol. 5, Moore's Federal Practice, 2d Ed., p. 2505; Edwards v. Gaston, 75 Ariz. 131, 252 P.2d 786; Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071. Thus this proposition is not reviewable here.

Assignment No. 5 is based upon the giving of defendant's instructions Nos. 5 and 8. These instructions are both correct statements of abstract principles of law and if by proper language they had been made applicable to the instant case, appellee would have been entitled to such instructions on the basis of his own testimony concerning the position of the child at the time appellee saw him which was to the effect that the child was entirely outside the road and that he remained in that position until the front of his bus had passed him. We do not believe the instruction as given constituted reversible error although they were not made applicable to the facts in this case.

Assignment No. 6 is based upon defendant's instruction No. 14. This instruction falls in the category of other instructions of defendant which were given by the court. The ground upon which the objection or exception was made at the trial was that it was incomplete and inapplicable to the fact situation in that the provisions of section 66–165, 1952 Supp.A.C.A.1939, referred to walking on the highway and not a boy running or standing in the street. We think the ground stated is insufficient to conform with section 21–1019, supra.

Assignment No. 7 is based upon the alleged comment of the court upon the evidence and has no merit. While the instruction is inartfully drawn, it is not error. There is some evidence that there was a sign close by the scene of the accident which fixed the speed limit at 25 miles per hour. The evidence is undisputed that the accident occurred in a residential area and the law fixes the speed limit in such areas at 25 miles per hour. In any event the defendant was far below the speed limit and

30

was certainly not guilty of negligence because of excessive speed.

The judgment of the trial court is affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.