necessary for us to decide the impact of the renewal affidavit statute upon a foreclosure proceeding in a Michigan court had such an action been deemed desirable in the face of the statute, which contains no requirement for such a proceeding. We also take note of the words italicized in the statute as cited above, namely, "in judicial proceedings in this state."

In our judgment, this statute should not be construed so as to preclude recognition by the Bankruptcy Court of a chattel mortgage lien and the renewal thereof duly filed in compliance with the relevant statutory registry requirements.

Reversed.

---

Willedd Andrews, Los Angeles, Cal., for appellant.

Loeb & Loeb, Lawrence Parke Watkin and Sol Rosenthal, Los Angeles, Cal., Kaplan, Livingston, Goodwin & Berkowitz, Beverly Hills, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and FOLEY, District Judge.

Edward Dunbar O'BRIEN, Appellant,

v.

METRO-GOLDWYN-MAYER, INC., et al., Appellees.

No. 17923.

United States Court of Appeals
Ninth Circuit.

June 3, 1963.

ROGER D. FOLEY, Jr., District Judge.

The Court below dismissed appellant's complaint with prejudice and without leave to amend upon the grounds that the claim was barred by the adjudications in two prior cases that had come on before different Judges of the Court from which this appeal is taken. The District Judge had before him the records in case No. 1161-57 PH and case No. 43-59 TC.

Appellant did not designate, as required by rule 75, F.R.Civ.P., any portions of those records.

This Court is, therefore, unable to decide whether or not the judgments in the said two former cases support the judgment of dismissal from which this appeal is taken.

Following the practice of this Court under such circumstances, we must presume that the evidence supports the judgment. Absent evidence in the record rebutting this presumption, the judgment must be affirmed. Reconstruction Finance Corporation v. Herring, 9 Cir.,

1940, 110 F.2d 320; Bank of Eureka v. Partington, 9 Cir., 1937, 91 F.2d 587; see also Watson v. Button, 9 Cir., 1956, 235 F.2d 235.

Affirmed.

Henry Clay BURKS, Appellant,

v.

John B. BRECKINRIDGE, Attorney General, Commonwealth of Kentucky, et al., Appellees.

No. 15115.

United States Court of Appeals
Sixth Circuit.

June 15, 1963.

Henry Clay Burks, in pro. per.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, Ky., for appellees.

Before CECIL, Chief Judge, DARR, Senior District Judge, and BOYD, District Judge.

## ORDER.

This cause came on for hearing upon the briefs of appellant, pro se and counsel for the appellees, the District Court for the Western District of Kentucky having dismissed for lack of jurisdiction the appellant's petition for habeas corpus upon the ground that appellant had failed to exhaust his state remedies,[1] including his failure to perfect a direct appeal from his conviction in the state court for armed robbery;

And it appearing that failure to exhaust past remedies as a bar to jurisdiction in this case is inconsistent with the United States Supreme Court holding in Edward M. Fay, et al. v. Charles Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837

---

1. Title 28, U.S.C.

"§ 2254. State custody; remedies in State Courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."