430 P.2d 413

Carl J. EVANS and Mary Ann Evans, husband and wife, Appellants,

v.

Frances I. PICKETT, Appellee.

No. 8147.

Supreme Court of Arizona, In Division.

July 18, 1967.

Allen, Fels & Angle, by Gerald L. Cooley, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and Nathan Holt, Phoenix, for appellee.

McFARLAND, Vice Chief Justice:

Plaintiffs, Carl and Mary Evans, have appealed from a judgment on a jury verdict in favor of defendant, Frances Pickett, in an automobile accident case. Mary was injured in the accident while a passenger in a car driven by her husband, Carl. On this appeal the only questions raised are directed to the propriety of the instructions given by the trial judge.

Plaintiffs were traveling west on Indian School Road in Phoenix at thirty-five to forty miles per hour—a speed less than the posted limit. As they approached the intersection of 48th Street they could see a utility truck parked off the north edge of the pavement, some warning "cones" in the street, and indications that men were working. The truck somewhat obscured Carl's view of the intersection. Defendant was traveling south on 48th Street, stopped for the stop sign, and proceeded slowly ahead, making a right turn onto Indian School Road. Her view to her left was obstructed by the parked utility truck. An excavation and some barricades blocked the northern of the two west-bound lanes to her right on Indian School Road so that in making her right turn she had to go in the west-bound lane nearest the center line of Indian School Road. The left side of her car was struck by the right front of plaintiffs' car. She did not see plaintiffs' auto until the moment of the impact, and plaintiff driver did not see defendant's auto until the cars were approximately twenty-five feet apart.

Plaintiffs' first complaint is that the trial court refused to instruct the jury that if it found defendant guilty of gross or wanton negligence, then the defense of contributory negligence would not be available to her. Defendant does not contest the correctness of such an instruction, but argues that it does not apply where there is no evidence of gross or wanton negligence. The correctness of the instruction is not open to doubt. Bryan v. Southern Pacific Company, 79 Ariz. 253, 286 P.2d 761, 50 A.L.R.2d 1. However, a plaintiff cannot avoid the consequences of being guilty of

contributory negligence merely by pleading wilful or wanton negligence. Barry v. *Southern Pacific Company*, 64 Ariz. 116, 166 P.2d 825. The question, therefore, is whether there was sufficient evidence of gross or wanton negligence to warrant submitting the issue to the jury.

"A person is wantonly negligent if he wilfully does an act or fails to do an act which it is his duty to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the plaintiff but also involves a high degree of probability that substantial harm will result. * * *" Nichols v. Baker, 101 Ariz. 151 at 153, 416 P.2d 584 at 586.

In the instant case, taking the facts in the light most favorable to plaintiff, the following may be said to have been established: Defendant stopped at the stop sign and looked to her left; she eased forward slowly; she stopped and looked again before crossing the north edge of Indian School Road, and at this point the view to her left was obstructed by the parked utility truck some thirty-five to fifty feet away. She then proceeded at about five miles an hour, but looked only to her right, which was the direction she was turning.

■ It matters not whether we refer to defendant's progress into the intersection as "proceeding at five miles per hour," as defendant describes it, or as making "a leisurely right turn," as plaintiff describes it. In either event, it seems obvious that defendant, although executing a very poor piece of driving, was nevertheless trying to be careful. Had she proceeded onto the arterial without stopping or looking, we might conclude that her attitude was wanton and grossly negligent and showed a complete disregard for the rights of others on the protected street. One who enters an intersection at five miles an hour and stops twice before proceeding, cannot by any stretch of the imagination be called grossly or wantonly negligent in the sense used by the law when it refers to gross or wanton

negligence. Plaintiff cites Bettencourt v. Oliveria, 3 Cal.App.2d 325, 39 P.2d 243; Ehtor v. Parrish, 86 So.2d 543 (La.App.); Ritter v. Nieman, 329 Ill.App. 163, 67 N. E.2d 417; and McCormack v. Haan, 20 Ill. 2d 75, 169 N.E.2d 239, as holding that the actions of defendant constituted gross or wanton negligence. Those cases, although not exactly like the instant case in all of their facts, are in many ways very close to it. Insofar as they tend to indicate that defendant's actions in the instant case were sufficient to justify the submission of the issue of gross or wanton negligence to the jury, we reject them.

Plaintiffs contest the correctness of the various instructions given by the trial court on contributory negligence, and also argue that the issue of contributory negligence was overemphasized to the prejudice of plaintiffs. First, plaintiffs contend that it was error to give an instruction on contributory negligence which contained the words "then I instruct you that he was negligent." They argue that these words have been held improper in Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149; Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444; Wolfswinkel v. Southern Pacific Company, 81 Ariz. 302, 305 P.2d 447, etc. These cases do not support their contention.

In Trojanovich we held that instructions which told the jury that if it found contributory negligence it *must* find for the defendant, were wrong. In that case the jury was instructed that:

"* * * if you find that such negligence, if any, contributed, however slightly, as the proximate cause of the accident, then in that event the plaintiff is guilty of contributory negligence." 95 Ariz. at 147, 388 P.2d at 150.

We struck down that language because, *read with the other instructions*, it clearly required the jury to find for defendant if plaintiff had been guilty of contributory negligence. In the other instructions the court told the jury that if contributory negligence were found "plaintiff cannot recover"; that contributory negligence

·"constituted a complete defense to the claim of the plaintiff"; and that it was the jury's "duty to return a verdict for the defendant."

In the instant case, the instruction stated that if plaintiff violated the statute "he was negligent," and if there was proximate cause "your verdict *should* be for the defendant." (Italics ours.) Elsewhere in the instructions the jury was told that such a verdict was not mandatory, and that the question of whether contributory negligence was a defense was solely for the jury to decide.

In Layton, supra, the instruction was: "* * * if both parties were negligent and such negligence proximately contributed to bringing about the accident the law would leave them where it finds them 'and the plaintiff *may* not be entitled to recover and your verdict *may* be for the defendant.'" 90 Ariz. at 370, 368 P.2d at 444.

We approved that instruction—not because of the words "the law would leave them where it finds them"—but in spite of them. Such words add nothing, and tend to confuse the issue, but since the jury was clearly told that it "may" find for defendant, and was not told that it "must" so find, we affirmed, although we stated that "should" was preferable to "may."

In Wolfswinkel, supra, the instruction told the jury that "you must find Clarence Wolfswinkel to have been guilty of contributory negligence," if his negligence contributed to the accident. There, as in Trojanovich, supra, there was no other instruction to explain that the jury had a right to find for the plaintiff.

 We have repeatedly held that instructions must be considered as a whole, and each must be read in conjunction with the others. Ieronimo v. Hagerman, 93 Ariz. 357, 380 P.2d 1013. While the instruction complained of in the instant case might seem to give the wrong impression, nevertheless, read with all of the others, it is clear and free from error. The

test is whether the jury would be misled as to the proper rule of law. Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 372 P.2d 708. In our opinion the instruction complained of in the instant case has met this test.

 Plaintiffs' next complaint is that the trial court, in another instruction, tried to tell the jury that contributory negligence could be proved by plaintiffs' evidence as well as by defendant's, and that on that issue the jury must base its finding on all of the evidence rather than only on defendant's evidence. The instruction is ineptly worded and has a *tendency* to mislead. However, if read with all of the other instructions, we feel that it would not be misunderstood by the jury.

 Plaintiffs also argue that the issue of contributory negligence was overemphasized. The instructions on contributory negligence included one on the burden of proof, one on imputing the husband's negligence to the wife, one to the effect that violation of a statute is negligence in itself, one to the effect that the evidence of both parties must be considered, one stating that plaintiffs' negligence must be a proximate cause in order to constitute a defense, etc. All this required considerable explanation, and we should hesitate before condemning complete coverage by calling it overemphasis. Excessive and unnecessary repetition of an instruction is reversible error only if the aggrieved party is prejudiced. In the instant case, although the instructions could be improved upon, we cannot classify them as unnecessary or prejudicial. See Reah v. Jupin, 68 Ariz. 335, 206 P.2d 558, and Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199, for a discussion of the general principles applicable to this subject.

Plaintiffs' claim that the trial court erred in instructing the jury regarding the violation of A.R.S. § 28-701 which reads as follows:

"A. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions

and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

\* \* \* \* \* \*

"E. The driver of every vehicle shall, consistent with the requirements of subsection A, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reasons of weather or highway conditions."

■ In its instructions the trial court read the above statute to the jury, and followed it by an instruction requested by defendant which, in effect, told the jury that a violation of that statute was negligence, and, if it were a proximate cause, the jury should find for defendant. We find no error in this instruction. Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934, approved almost the identical words. In determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction. Ibid.

■ Plaintiffs contend that they were traveling "at a lawful rate of speed," and that plaintiff Evans "was maintaining a proper lookout," and therefore the above instruction does not apply. But this contention assumes freedom from negligence, which was the actual question before the jury. Evans' testimony showed that he did not see defendant's car when he had passed the parked truck which obscured his view, and that he might not have seen the car until he was right at the intersection. This would indicate a failure to keep a proper lookout under the circumstances or

operate at a reduced speed because of special hazards.

■ Testimony regarding plaintiffs' speed is conflicting, as is also the evidence regarding whether he slowed down before the impact. Plaintiffs argue that there was no duty to reduce speed until they "could have reasonably known that the automobile of the defendant was going to enter the intersection without yielding the right of way \* \* \*." Plaintiffs ignore the question of whether—with a proper lookout—they would have seen defendant in time, and also ignore the fact that the parked truck which obscured their vision, and the barricades, should have given them cause to reduce speed.

■ Plaintiffs also contend that A.R.S. § 28–701, previously quoted, requires a motorist to slow down only for vehicles entering the highway with due care, which hardly describes defendant. Section A of the statute, supra, contains two sentences. The first states that a driver must not proceed at a speed "greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." This sentence is not limited to the duty owed to persons using due care. Perhaps such a limitation applies to the second sentence pertaining to the control of speed so as to avoid collisions. We need not decide that point at this time. However, we do decide and hold that the statute does apply between these plaintiffs and this defendant, at the time of the accident when the scene was cluttered with a parked truck, barricades, excavations, and possibly even bushes tall enough to obscure the view. After considering all of the evidence, we are convinced that the instruction had sufficient evidence to support it.

■ Lastly, plaintiffs contend that an instruction on contributory negligence cannot be justified in the absence of a showing that a slowing of plaintiffs' car would have enabled them to see defendant in time to avoid the collision. They admit—and cite Davis v. Weber, 93 Ariz. 312, 380 P.2d 608, to prove—that "The fact that the driver on

a favored highway has the right-of-way, does not relieve him from keeping a proper lookout." However, they say, at the time plaintiffs discovered that defendant was entering the intersection, it was physically impossible for plaintiffs to stop in time to avoid the collision. Granting the truth of this statement does not prevent the inference that the situation could have been proximately caused by plaintiffs' failure to slow down or to keep a proper lookout. Nor does the fact that they might have been too close to stop in time, prevent the possibility that they might have sounded their horn to alert defendant, and give her a chance to veer to the right so as to avoid the collision.

Affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.