441 P.2d 58

Michael J. ORLANDO, Appellant,

v.

Gussie Sharlene NORTHCUTT, a minor,
Appellee.

No. 9090–PR.

Supreme Court of Arizona.

In Banc.

May 16, 1968.

Rehearing Denied June 18, 1968.

**299**

Kenneth Rosengren, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by James Moeller and D. W. Grainger, Phoenix, for appellee.

LOCKWOOD, Justice:

On the night of December 31, 1963, Michael J. Orlando was the driver of an automobile stopped in heavy traffic in the middle of a block on a busy highway in Phoenix. Orlando was attempting to make a left-hand turn across the center of the highway. Gussie Sharlene Northcutt, driving her car within the posted speed limit of 45 miles per hour, did not realize that Orlando's car was stationary until too late to avoid hitting the Orlando automobile in the rear. Orlando brought a suit against Northcutt to recover damages. One of the disputed issues in the trial was whether Orlando was signalling for a turn while stopped in the stream of traffic. The jury returned a verdict in favor of Northcutt and Orlando appealed.

The case comes before us for review of a decision of the Court of Appeals, Division I, 6 Ariz.App. 94, 430 P.2d 440 (1967). It is urged that the trial court erred in eliminating the following words (indicated in italics) from plaintiff's requested Instruction Number 2:

"Where plaintiff, Michael J. Orlando, violates a statute governing motor vehicles on the highway you may, *but need not,* find this to be negligence. The Constitution of Arizona gives the jury the sole and exclusive right to determine whether plaintiff, Michael J. Orlando's conduct amounts to contributory negligence. In weighing the plaintiff Michael J. Orlando's conduct against the standard of reasonable and ordinary care required of all persons you may consider the statutes read to you, and all the circumstances of the case. *You may, but need not, apply the standards and requirements fixed by the legislature for drivers of motor vehicles.*"

Counsel for both appellant and appellee cite as authority for their respective positions Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), and cases following the principle laid down therein. In *Layton,* we held that an instruction to the effect that if the jury found there was contributory negligence, its verdict *must* be for the defendant, would be violative of Art. 18, § 5, Arizona Constitution, A.R.S.[1] We stated that the preferable form of instruction is that in the event of contributory negligence the jury "should" find for the defendant, and we held that an instruction that the jury "may" find for the defendant under such circumstances was not reversible error. Our most recent affirmation of this rule is found in Davis v. Waters, 103 Ariz. 87, 436 P.2d 906 (Jan. 24, 1968).

However, the modified instruction in this case presents a different problem. In Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967), involving a motor vehicle accident and a possible violation of a motor vehicle statute, we held that it was not

1. Article 18, § 5 reads as follows: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

error when the trial court read the statute to the jury and "in effect, told the jury that a violation of that statute was negligence, and, if it were a proximate cause, the jury should find for defendant." The instruction here requested by the appellant before modification by the trial court was an incorrect statement of the law. Violation of a statute created to protect a certain group is negligence per se, whether on the part of plaintiff or defendant. Evans v. Pickett, supra; Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 (1961). Whether the violation was the proximate cause of the accident is a jury question. If the plaintiff negligently violated the statute, the trial court must instruct the jury that this *is* negligence. But whether it was contributory negligence depends on whether the jury decides the negligence was a proximate cause of the injury. Thus, the trial court did not err when it gave the modified instruction on negligence. (It should be noted that the modified instruction states that the jury "may" find violation of a statute to be negligence. Thus, standing alone it might be possible to infer from such language that violation of a statute is not negligence. However, the trial court in a later instruction correctly directed the jury that violation of a statute is negligence per se.)

 Plaintiff also urges that the trial court erred when it refused to give the plaintiff's requested instructions upon last clear chance and res ipsa loquitur, and further, that the trial court erred by overemphasizing instructions upon contributory negligence and burden of proof. The Court of Appeals did not agree with plaintiff as to the doctrine of last clear chance stating that the record forwarded to them was incomplete in that it lacked the transcript of testimony of several witnesses and thus:

"Not having the complete record before us, we are not able to state that the trial judge committed error in refusing this requested instruction."

To support this approach in reviewing cases brought up on appeal, the Court of Appeals cites the language of this Court in Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738 (1954), wherein we stated that:

"This court is firmly committed to the rule that where *no* transcript of the evidence is sent up on appeal alleged errors in instructions cannot upset the result below unless the instruction is shown to be an incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence." (Emphasis supplied.)

*Deisler* is not in point because in that case *no* transcript of the evidence was sent up on appeal. In the case before us, we have the transcript of the testimony of both the plaintiff and defendant containing sufficient evidence upon which to decide the question. Further *Deisler* cites as authority for the above proposition Territory v. Clanton, 3 Ariz. 1, 20 P. 94 (1889), and many other Arizona cases in which the Court declined to reverse the trial court on the basis that there was no transcript of evidence properly before it. See also Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962); Territory v. Neligh, 2 Ariz. 69, 10 P. 367 (1886). In each of the cited cases, with the exception of *Clanton*, there was *no* transcript of testimony whatsoever before the Court upon which it could base its decision. Further, we have held in the past that even if no transcript is forwarded on appeal, the reviewing court must consider questions of law which are raised by the partial record transmitted to the court. Hall v. Bowman, 88 Ariz. 409, 357 P.2d 149 (1960). A reasonable interpretation of the *Clanton* case and the cases subsequent is that all of the *essential* evidence pertaining to the issues raised on appeal should be sent to the reviewing court.

 It should also be emphasized that *Clanton*, a criminal case, was decided many years before we adopted our present Rules of Civil Procedure. Today, if the appellant chooses to transmit the testimony of a lim-

ited number of witnesses only (as he is permitted to do under 16 A.R.S., Rules of Civil Procedure, Rule 75(b)),[2] or if appellant concludes that only a limited amount of the testimony is essential to the decision of the questions presented and therefore does not make the balance of the testimony part of the record on appeal (as *required* under 16 A.R.S., Rules of Civil Procedure, Rule 75(e)),[3] the appellate court cannot refuse to decide the question on the basis that the record is incomplete. If there is additional testimony omitted which appellee deems is essential to the decision of the questions on appeal, the appellee himself must have this transmitted to the appellate court by way of a timely filing of a designation of additional record. 16 A.R.S., Rules of Civil Procedure, Rule 75(a)[4] (1956). If appellee fails to do this, we will not presume that the balance of the record favors his contention.

■ Appellee Northcutt declared in her brief that appellants omitted significant portions of the trial record and that this precludes a finding contrary to that of the trial court. The Ninth Circuit Court of Appeals has stated:

"Appellees' Brief declares that appellants omitted significant portions of the trial record in designating the record on appeal. The charge is a serious one. But if appellees felt aggrieved, they should have filed a petition under Rule 75(b) of the Federal Rules of Civil Pro-

cedure to have a supplemental record brought before this court. They did not do so. *Their failure to follow the prescribed procedure precludes them from questioning the composition of the record.* For purposes of this appeal, it must be assumed that the record accurately relates the events that transpired in the court below." (Emphasis supplied.) Bullen v. De Bretteville, 239 F.2d 824, 836 (9th Cir. 1956).

If the partial record is not sufficient to decide the issue, then the reviewing court must presume the trial court correct. Bryant v. Thunderbird Academy, 103 Ariz. 247 439 P.2d 818 (4/17/68); O'Brien v. Metro-Goldwyn-Mayer, Inc., 319 F.2d 294 (9th Cir. 1963); Reconstruction Finance Corp. of Washington, D. C. v. Herring, 110 F.2d 320 (9th Cir. 1940). Finding sufficient evidence presented in the record to decide the questions, we now proceed to the consideration of the issue regarding last clear chance.

We have held that the doctrine of last clear chance is applicable in this jurisdiction under the following circumstances:

"1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant

---

2. "* * * *If the designation includes only part of the reporter's transcript,* the appellant shall file two copies of such additional parts thereof as the appellee may designate that he desires to have added, and if the appellant fails to do so the court on motion may require him to furnish the additional parts needed. * * * *" (Emphasis supplied.)

3. "All matter not essential to the decision of questions presented by the appeal *shall be omitted.* * * *" (Emphasis supplied.)

4. "Every document and other object filed in an action shall constitute a part of the record thereof. Within ten days after an appeal to the supreme court is perfected,

the appellant shall serve upon the appellee and file with the superior court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal unless the appellee has already served and filed a designation. *Within ten days after the service and filing of such a designation, any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included.* If the appellee files the original designation, the parties shall proceed under subdivision (b) of this Rule as if the appellee were the appellant, and the appellee shall file the abstract of record in the supreme court." (Emphasis supplied.)

thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter had a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so." Odekirk v. Austin, 90 Ariz. 97, 102, 366 P.2d 80, 83 (1961), overruling Layne v. Hartung, 87 Ariz. 88, 348 P.2d 291 (1960).

The defendant's deposition, which was made part of the record on appeal and which was read to the jury as part of the plaintiff's case, contains the following testimony of the defendant herself:

"Q. Do you recall in the preceding ten or fifteen seconds before the accident happened what the specific conversation was between you and your passenger?

"A. Yes, sir.

"Q. Will you tell us what you said to her and what she said to you?

"A. We were discussing her husband in South Vietnam, and she said that she was awful [sic] lonely because he was there and she said she was counting the days until he came back.

"Q. Do you remember at what point in the conversation you saw the Orlando vehicle?

"A. Well, she had just—I said something about, you know, well, just, you know, time will pass quickly, and then she yelled, 'Look out!' and I swerved.

"Q. Would it be fair to say that the first inkling you had of the Orlando vehicle was her shout or warning to you that it was present or that it was there?

"A. No, sir, I saw it in traffic, but it was not moving. It looked like it was moving, but it wasn't actually.

"Q. Did you see it before she called it to your attention or afterwards?

"A. Before.

"Q. And in point of time, in seconds, can you tell us how many seconds elapsed from the time that you first saw the Orlando vehicle and her warning you about the Orlando vehicle?

"A. I am not real sure.

"Q. Can you give us an estimate?

"A. Oh, I would say it was maybe half a minute.

"Q. Can you tell me with any degree of certainty or accuracy how long the Orlando vehicle had been stopped before you struck it?

"A. No, sir.

"Q. For all you know, it may have been there ten seconds or more?

"A. Yes, sir."

■ From the record on appeal we hold that there was sufficient evidence to warrant an instruction upon last clear chance, and that failure to give such an instruction was prejudicial error

■ The trial court also refused to give plaintiff's instruction upon res ipsa loquitur. We have recently held that the doctrine is applicable to the usual rear-end collision. O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577. In *O'Donnell* we reiterated the conditions necessary for the application of the doctrine, quoting from Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956):

" '(1) *the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;*

" '(2) *it must be caused by an agency or instrumentality within the exclusive control of defendant;*

" '(3) *it must not have been due to any voluntary action on the part of the plaintiff;*

" '(4) *plaintiff must not be in a position to show the particular circumstances which caused the offending agency or in-*

*strumentality to operate to his injury.* (Emphasis supplied.)' "

We hold that under the evidence presented on appeal an instruction on res ipsa loquitur should have been given.

 Plaintiff argues further that the cumulative effect of repetitious, over-emphasized and redundant instructions misled the jury. Because of the high regard the jury holds for the trial judge, unnecessary repetition may result in creating the impression that the judge feels a certain way on a particular issue and thereby creates prejudicial error. Dubreuil v. Gardner, 99 Ariz. 312, 409 P.2d 23 (1965); Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199 (1956). However, as we said in the *Bean* case, "undue repetition of this nature may thus constitute grounds for reversal but it must also appear from the record that plaintiff objected to the giving of these instructions for this reason in the trial court." 80 Ariz. at 29, 292 P.2d at 201. Plaintiff failed to object to the instructions he now argues were repetitious, but seeks to excuse himself upon the ground that the trial court gave some of its own instructions coupled with those requested by the lawyers; "hence counsel first became aware of the duplication and redundancy of the instructions when they were read in Open court." This is not a reasonable excuse. Rule 51(a) of the Rules of Civil Procedure, 16 A.R.S., requires that a party must object before the jury retires to consider its verdict and unless the party does so, he cannot assign it as error. Not only did appellant fail to object below, but he affirmatively advised the trial court that he had no additional instructions or any corrections to the instructions given after the trial court had instructed the jury. Plaintiff also argues on appeal that the sequence of the jury instructions was prejudicial in that the judge "gave the jury eleven pages of instructions before ever explaining and defining proximate cause." This argument also fails because of failure to make timely objection.

The decision of the Court of Appeals is vacated and the case is reversed and remanded for a new trial.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.