454 P.2d 875

Frieda J. CAMPBELL, Appellant,

v.

John A. CAMPBELL, Jr., Appellee.

No. 1 CA–CIV 612.

Court of Appeals of Arizona.

May 29, 1969.

Rehearing Denied June 25, 1969.

Review Denied July 15, 1969.

James E. Grant, Phoenix, for appellant.

Forquer, Wolfe & Rosen, by Sidney B. Wolfe, and Irwin Harris, Phoenix, for appellee.

DONOFRIO, Chief Judge.

This is an appeal from an order made in an order-to-show-cause hearing after judgment in a divorce action. Appellant (plaintiff below) sought to have appellee held in contempt of court for failing to deliver certain personal property awarded to her in the divorce decree. She also sought return of the property or its value.

The issues involved herein were the subject of an earlier order-to-show-cause hearing which was held on October 26, 1965. In this previous hearing appellee claimed the property was in the residence of the parties when he vacated it the evening before appellant took over the next day. Appellant, on the other hand, denied that the property was in the house when she took over. The trial judge in the earlier hearing indicated that he could not tell who was telling the truth and resolved that the appellant had not established her case. The court suggested that the house may have

been burglarized between the occupancies, or that one of the parties was committing perjury. He stated that such matters were for the prosecuting authorities.

After the October 1965 hearing appellant sought criminal prosecution against appellee for burglary and perjury. When criminal prosecution failed she brought the order to show cause which is the subject of this appeal. The hearing on the petition and a petition filed by appellee was held on October 31, 1966. At this hearing some seven witnesses testified. Although an incorrect date, to which no objection is made, is given in the notice of appeal, this appeal is from the final order entered on the hearing of these show-cause proceedings.

We have searched the record and do not find a reporter's transcript of the hearing of October 31, 1966. The minutes reflect a reporter was present. The designation of record lists all "transcripts *filed* in this matter" (italics ours). The only transcript filed was that of the hearing of October 26, 1965, which bears the filing stamp of April 17, 1967. Without the transcript of the hearing upon which the trial court's order was based, this Court is unable to determine if the trial judge committed error. All essential evidence pertaining to the issues raised on appeal should be sent to the appellate court. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968).

This is not a case in which the Court is called upon to consider questions of law raised by the partial record transmitted. Although there is a transcript of the October 1965 hearing before us, it affords no basis for deciding whether the trial court committed an error or abused its discretion in the October 1966 hearing. This is especially true even though the same issue herein may have been involved in both hearings, since several new witnesses were sworn and testified in the last hearing and additional exhibits were introduced.

Since the partial record is not sufficient to decide the issue, we must therefore presume the trial court was correct. Orlando

v. Northcutt, supra; Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968).

Affirmed.

STEVENS and CAMERON, JJ., concur.