466 P.2d 54

Fred J. NOBBE and Louise M. Nobbe, husband and wife, Appellants,

v.

EICHENAUER HAY SALES, INC., an Arizona corporation, and Kenneth Ray Eichenauer, Appellees.

No. 1 CA–CIV 943.

Court of Appeals of Arizona, Division 1.

March 5, 1970.

**504**

Machmer, Lehman & Cantor, by Lawrence C. Cantor, Phoenix, for appellants.

Forquer, Wolfe & Rosen, by Robert C. Forquer, Phoenix, for appellees.

KRUCKER, Judge.

Plaintiff-appellee, Kenneth R. Eichenauer, sued defendant-appellant, Fred Nobbe, for damages resulting from injuries sustained in an automobile collision. Defendant Nobbe also counterclaimed for his damages. The jury denied recovery to both parties, and defendant appeals.

The sole issue raised by defendant Nobbe is whether or not the trial court erred in refusing Nobbe's requested last clear chance instruction.

The general rule in Arizona is that the denial of an instruction on last clear chance, when there is sufficient evidence to warrant it, is prejudicial error. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968).

We therefore peruse the record to determine whether there is sufficient evidence to warrant giving the instruction.

Mr. Eichenauer testified that he was traveling east in the fast, inside lane. He observed Mr. Nobbe's vehicle in the right-hand lane and said Mr. Nobbe was looking around, trying to determine just where he was going. All of a sudden Mr. Nobbe turned left in front of Mr. Eichenauer's vehicle and, although Mr. Eichenauer testified he almost immediately applied his brakes, he nevertheless collided broadside with the vehicle.

Mr. Nobbe testified he was driving in the outside lane looking for a particular address. He realized it was on the other side of the street, so he proceeded into the center lane. He proceeded ahead some feet in the center lane and was going to turn left when he heard the screeching of brakes behind him. He saw the Eichenauer vehicle coming at him so he quickly turned left to avoid colliding, but was not quick enough.

The police officer who testified stated that the two vehicles collided at right angles, confirming Mr. Eichenauer's testimony that the Nobbe vehicle was struck broadside in the center lane because he turned from the outside lane and not by

merely turning left. Had he merely turned left, his angle of contact would have been different. He also stated that at the scene, Mr. Nobbe first said he had been in the outside lane. The officer also testified that at the accident scene Mr. Eichenauer said he could have dozed off a bit just prior to the accident.

 The doctrine of last clear chance is designed, in cases where contributory negligence is alleged, to aid in the determination of the proximate cause of the accident. Sheehy v. Murphy, 93 Ariz. 297, 380 P.2d 152 (1963). It is applicable in this jurisdiction when:

" '1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so.' " *Orlando*, supra, 103 Ariz. at 301, 441 P.2d at 61.

The Arizona Supreme Court, in Orlando v. Northcutt, supra, said that the instruction must be given in a rear-end collision case when there is testimony that the two cars were in the same lane, one approaching rapidly from the rear with the faster car having seen the other vehicle. In the instant case, although the police officer's testimony refutes the rear-end version of the accident, Mr. Nobbe did testify to it, and we must conclude that it supports the giving of the instruction. The jury could find that Mr. Nobbe was in the inside lane and that Mr. Eichenauer, having seen his inattentive situation, could have prevented the accident if he had used reasonable vigilance.

Judgment reversed.

HOWARD, C. J., and HATHAWAY, J., concur.
NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.