489 P.2d 242

**Richard F. GOSLIN, Appellant,**

**v.**

**Thomas L. BACOME, Evan W. Bacome, Appellees.**

**No. 10348.**

Supreme Court of Arizona,
In Division.

Oct. 6, 1971.

Charles M. Brewer and Herbert Mallamo, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellees.

HAYS, Vice Chief Justice.

The plaintiff, Richard F. Goslin, sustained serious injuries in a motor vehicle accident which occurred at approximately 5:00 p. m., on 19 October, 1966. At the time of the accident, plaintiff was operating his 1965 Chevrolet in an easterly direction on East Colter Street in Phoenix. He approached a yield sign at the corner of Colter and North 10th Streets and slowed down before the intersection. Finding the view north on 10th Street somewhat ob-

structed, he proceeded slowly into the intersection..

A short distance across 10th Street, he observed defendant's automobile, a 1961 Dodge, bearing down upon him from the north. Attempting to avoid defendant, plaintiff accelerated across the intersection. Seeing plaintiff in front of him, defendant turned his vehicle to the left and, consequently, hit plaintiff's vehicle towards the middle of the intersection.

It was established at the trial that defendant was, in fact, speeding when he entered the intersection at 10th Street and Colter. Defendant's defense in the personal injury action filed against him was contributory negligence. The jury returned a verdict for the defendant and the plaintiff brought this appeal, alleging that the trial court committed error.

■ The plaintiff's initial contention is that it was error to admit the testimony of Officer William Sanders of the Phoenix Police Department as that of an expert witness. Plaintiff claims that the evidence did not demonstrate that Officer Sanders was qualified to testify as an expert. Sanders was the investigating officer, and arrived at the scene of the accident shortly after it occurred. Plaintiff claims Officer Sanders' testimony related to several matters requiring the opinion of an expert. However, we find that Sanders offered an opinion as an expert only as to the establishment of the point of impact of the two vehicles.

Testimony at the trial revealed that Officer Sanders had been a police officer for two and one-half years. He had received training with respect to investigating traffic accidents and had been trained as to the procedures employed in establishing a point of impact. He stated that he determined the point of impact from his observation of the debris on the roadbed and from his determination that defendant's vehicle had come to rest at the point of impact.

This court, in Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958), has approved the widely recognized statement of law that where an officer is shown to have had proper training and experience in the investigation of traffic accidents, he may properly give an opinion as an expert witness as to the point of impact where his opinion is based on such indicia as the location of the debris on the highway, damage to the vehicles, and marks on the highway.

In the same case, citing our decision in Arizona Superior Mining Co. v. Anderson, 33 Ariz. 64, 262 P. 489 (1927), we stated that the decision of the trial court with regard to the competency of a witness to testify as an expert will not be disturbed except for abuse of discretion. We find no abuse of discretion here.

Plaintiff also alleges that the trial court committed error in its charge to the jury. He first states that it was reversible error for the court to give the following instruction on proximate cause:

"An act or omission is a proximate cause of an accident or injury if it was a substantial factor in bringing about the accident or injury."

The above test for proximate cause was rejected by this court in McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869 (1968).

■ In examining the trial record, we find that plaintiff offered as his instruction on proximate cause Maricopa Recommended Jury Instruction (MARJI) No. 9. This instruction contains two separate definitions of proximate cause, one of which is the very one to which plaintiff now objects. We have previously indicated that one may not base an appeal on instructions given at one's own request. Town of Williams v. Perrin, 70 Ariz. 157, 217 P.2d 918 (1950).

■ Plaintiff also objected to the trial court's refusal to give a requested instruction on keeping a proper lookout. Having compared plaintiff's requested instruction with the instruction on this issue actually given by the court, we find no substantial differences between them. We have held

in Tucson Utility Supplies, Inc. v. Gallagher, 102 Ariz. 499, 433 P.2d 629 (1967), that where the contents of a requested instruction are substantially the same as that given by the court, no grounds exist for contending that the jury has been improperly charged.

 Plaintiff's final objection refers to the trial court's refusal to instruct the jury that if it found defendant guilty of wanton negligence, the defense of contributory negligence would be unavailable to him. Before such an instruction can be given, there must be sufficient evidence of wanton negligence to warrant submitting the issue to the jury. Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967). Having examined the record before us, we find the evidence insufficient.

The decision of the trial court is affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.