473 P.2d 482

**Katherine C. VALENTINE and Harold L. Valentine and Grace A. Valentine, his wife, Appellants,**

**v.**

**Patricia Ann FAULKNER and Claude E. Faulkner, her husband, Appellees.**

**No. I CA–CIV 1035.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 20, 1970.

**558**

B. Michael Dann, Streich, Lang, Weeks, Cardon & French, Phoenix, for appellants.

Charles Filler, Filler, Paytas, Shannon, Fleming & Stephenson, Phoenix, for appellees.

EUBANK, Presiding Judge.

This is an automobile negligence case that involves the defendants' vehicle in a rear-end collision with the plaintiffs' vehicle and which raises the question of the propriety of the trial court's order granting the plaintiffs a new trial, under Rule 59, Rules of Civil Procedure, 16 A.R.S., following a jury verdict and judgment in favor of the defendants.

The facts are not in dispute: The plaintiff, Patricia Ann Faulkner, appellee herein, was driving north on Scottsdale Road at approximately 4:30 P.M. on November 22, 1965. The day was overcast; intermittent rain showers had occurred periodically throughout the day, and puddles were on the roadway. As she approached Earll Drive a vehicle ahead stopped to make a left turn and a second vehicle stopped behind it. Plaintiff stopped her vehicle a short distance behind the second vehicle. She then looked up into the rear view mirror and saw the defendant-driver, Katherine C. Valentine, appellant herein, approaching in her automobile. Sensing that the defendant-driver would not stop in time to avoid a collision, she moved her car forward and pumped the brake in order to flash the lights. This was to no avail. The defendants' vehicle collided with plaintiff's vehicle and the plaintiff, Patricia Ann Faulkner, sustained a whip lash injury to her neck and back.

The defendant-driver testified that she saw the plaintiffs' brake lights and applied the brakes but that either the brakes did not work or if they did she skidded into plaintiffs' vehicle.

Scottsdale Road, at the scene of the collision, is a 4-lane road and consists of two northbound and two southbound lanes. There was a light rain at the time of the accident; however visibility was still good.

Plaintiffs brought suit against the defendant-driver and her parents based upon the defendant-driver's negligence in failing to stop. The jury returned a verdict in favor of the defendant-driver

and her parents. Plaintiffs filed a timely motion for new trial which the court granted. This appeal is taken from the order granting plaintiffs a new trial.

Defendants raise two questions on appeal:

"I. Did the defect in the form of the sudden emergency instruction warrant overturning the jury verdict in appellants' [defendants'] favor and granting a new trial to appellees?

II. Will this appellate court go beyond the reasons stated in the lower court's order granting a new trial to determine the correctness of such action? If so, does any other sufficient ground exist warranting a new trial?"

Looking to the first question on appeal, the trial court gave defendants' Requested "Sudden Emergency" Instruction No. 11 to the jury as follows:

"A person who without negligence on his part is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others is not expected nor required to use the same judgment or prudence which is required of him in the exercise of ordinary care in calmer and in more deliberate moments. His duty is to exercise only the care that an ordinary prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do and if his choice and manner of action are the same as might have been followed by any other ordinarily prudent person under the same conditions he does all the law requires of him although in the light of after events it should appear that a different course would have been better and safer."

■ In granting the plaintiff a new trial under Rule 59, Rules of Civil Procedure, 16 A.R.S., the trial court cited as its specific ground: "Assuming that the sudden emergency instruction should have been given in this case, the Court is of

the opinion that it erred in giving defendant's instruction No. 11 in the form presented." This ground is sufficiently particularized to comply with Rule 59, supra, Yoo Thun Lim v. Crespin, 100 Ariz. 80, 83, 411 P.2d 809, 811 (1966); Santanello v. Cooper, 12 Ariz.App. 123, 468 P.2d 390 (1970); Heaton v. Waters, 8 Ariz.App. 256, 445 P.2d 458 (1968).

Defendant first questions the trial court's use of the word "form" and concludes that the court must have had in mind the decision of the Arizona Supreme Court in Gilbert v. Quinet, infra. In its minute entry order granting the motion for new trial, the court specifically outlined what is meant by "form" and confirms defendant's supposition. We find the following additional comments by the trial court contained in its minute order granting plaintiffs a new trial:

"In Worthington vs. Funk, [7 Ariz. App. 595] 442 P2[d] 153 (Arizona Court of Appeals 6–12–68), the Court pointed out the model uniform jury instruction containing the suggestions made by the Supreme Court in Gilbert vs Quinet, 91 Ariz. 29, 369 P2[d] 267 [1962].

Defendant's Instruction No. 11 given in this case, fails to meet the requirements required by the Appellant (sic) Courts of Arizona."

In Worthington we have an exact duplicate of defendant's Requested Instruction No. 11 as given in the case at bar except for one additional paragraph which reads:

" 'If a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence.' " (7 Ariz.App. 597, 442 P.2d 155.)

This paragraph, as noted in Worthington, was suggested by the Supreme Court in the Gilbert case. It is the absence of this

paragraph we believe, that the trial court was referring to.

While assuming the foregoing for the purpose of argument, defendants cite two reasons why the failure to add the Gilbert-Worthington paragraph to the instruction should not entitle the plaintiff to a new trial: First, defendants contend that the plaintiff failed to comply with Rule 51(a), Rules of Civil Procedure, 16 A.R.S., when she did not object to the form of defendants' requested instruction prior to its being read to the jury; and, Second, that the instruction as given by the trial court did not constitute prejudicial error.

Defendants' first contention is based upon the Rule 51(a) requirement that, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Plaintiff asserts in the answering brief that they attempted to make their objection to the defendants' Requested Instruction No. 11 in chambers immediately prior to the court's instruction to the jury but were precluded from doing so by the trial judge in the interests of time. The Judge requested counsel to make their objections for the record following his instructions to the jury. This was done and plaintiffs' objection was entered in the record following the jury instructions on the law. The defendants have not disputed this calendar of events but rely upon the express requirement of Rule 51(a). They also rely on the fact that immediately following the trial judge's reading of the instructions he asked counsel for the parties if they had "any corrections or errors or omissions or additions" to make and both counsel answered, "None your Honor."

Under the facts of this case we deem the objection sufficient although we do not approve the procedure followed by the trial court. Rule 51(a) is designed to assist the trial judge in the often difficult and complex task of correctly instructing the jury on the applicable law to the case under consideration. The rule is also designed to protect the interest of the parties by insuring that questionable instructions, when properly objected to, may be reviewed on appeal. Where the trial court declines to follow the clear requirement of a Rule of Procedure we certainly cannot extend this oversight to the vital interest of a party. Furthermore, Rule 46, Rules of Civil Procedure, 16 A.R.S., specifically preserves an error where the party has no opportunity to object to a ruling or order at the time it was made and it is read in conjunction with Rule 51. See Haynes v. Coolidge, 118 U.S.App.D.C. 348, 336 F.2d 736 (1964); Montgomery v. Virginia Stage Lines, Inc., 89 U.S.App.D.C. 213, 191 F.2d 770, 773 (1951); Wright v. Farm Journal, Inc., 158 F.2d 976, 978 (2nd Cir. 1947). In an analogous case, Hrabak v. Madison Gas & Electric Co., 240 F.2d 472, at 478–479 (7th Cir. 1957) the court held that a Rule 51, F.R.C.P. (Identical to our Rule 51(a)), objection after the jury had retired was sufficient. The court said:

> "Under the circumstances of this case we think the objections made after the jury left the room were in proper time. The court stated to counsel that if they had any objections they could make them in the absence of the jury. The Clerk then swore an officer and the jury was excused. The judge thereupon had the opportunity to hear the objections of plaintiff and did so. Inasmuch as the judge did not act favorably on such objections, the jury was not recalled, but proceeded with its deliberations. We hold the objections to the instructions were timely made."

See also Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 26, 27, 82 S.Ct. 1130, 1134, 1135, 8 L.Ed.2d 305 (1962), reh. den. 370 U.S. 965, 82 S.Ct. 1577, 8 L.Ed.2d 834 (1962); Williams v. National Surety Corporation, 257 F.2d 771, 777 (5th Cir. 1958).

■ Regarding the answer of both counsel that neither had any "corrections", "errors", "omissions" or "additions" to make to the trial court's instructions, we believe that it is clear that the responses were mere compliance with the court's previous ruling that objections to instructions would be entered in the record after the jury was instructed and retired to its deliberations.

Defendants contend that Requested Instruction No. 11, as given to the jury did not constitute prejudicial error. In our opinion the issue is whether or not the trial court abused its discretion in granting the plaintiffs a new trial under Rule 59 on the basis of its stated ground.

■ Turning then to the basis of the exercise of the trial court's discretion, the record shows that the defendant-driver saw the flashing light of the left turn indicator of the vehicle immediately preceding plaintiffs' vehicle which was waiting to turn left and west from Scottsdale Road onto Earll Drive. She also observed plaintiffs' vehicle when it was two and a half car lengths ahead of her at the Earll Drive intersection and saw that vehicle's stop lights flash as plaintiffs came to a stop behind the vehicle turning left. She further testified that she pressed on the brakes and nothing happened and that she did not know whether her brakes failed or she skidded into plaintiffs' automobile. Can we say from this testimony that the jury should not have been instructed as Gilbert and Worthington suggest, that if the "sudden emergency" was brought on by the negligent act of the defendant that there would be no "sudden emergency"? We think not, and we agree with the trial court that under the state of the evidence in this case that it should have instructed the jury in the "form" or law suggested by Gilbert and Worthington, supra.

It is our opinion that the trial court did not abuse its discretion in granting a new trial on the basis specified in its order.

■ Returning now to defendants' contention that the sudden emergency instruction as read to the jury did not constitute prejudicial error, we disagree. Having held that the trial court did not abuse its discretion in granting a new trial we necessarily must conclude that the instruction as read to the jury was prejudicial to the plaintiffs. Defendants contend that since the Arizona Supreme Court did not hold that the failure to give the additional Worthington instruction, supra, constituted prejudicial error in Gilbert, that such error could not occur in the factual situation of the case at bar. Again, we must disagree. Our reading of Gilbert is not as restrictive as that of the defendants. Although it is true that the Supreme Court did not find prejudicial error under the facts of that case, we do not find in the language of that opinion any intent on the part of the Supreme Court to preclude the possibility of prejudicial error arising out of a Gilbert fact situation.

Defendants' last question on appeal deals with whether or not this court will go beyond the reasons specified by the trial court in its order granting a new trial if such reasons are legally insufficient. Since we have held that the reason specified was legally sufficient, it is not necessary to go into this discussion. We have, however, answered this question in a past opinion contrary to defendants' contention. See Santanello v. Cooper, supra.

Judgment granting a new trial is affirmed.

HAIRE and JACOBSON, JJ., concur.