495 P.2d 1350

**Troye BROWN, Appellant,**

v.

**Paul A. HAYES, Appellee.**

**No. I CA–CIV 1515.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 20, 1972.

Rehearing Denied May 5, 1972.

Review Denied July 13, 1972.

Hill & Savoy, by John P. Otto and Stockton & Hing, Phoenix, for appellant.

Lewis & Roca, by John P. Frank, Michael J. LaVelle, Phoenix, for appellee.

EUBANK, Judge.

Troye Brown, the plaintiff in the trial court and appellant here, raises the question of whether the trial court erred in instructing the jury on the issue of malpractice after the court had directed a verdict against appellant on that specific issue.

The events leading up to this question were that the plaintiff had sued the defendant for malpractice and for assault and battery arising out of an oral surgical procedure. The issues were tried to a jury, and after all the evidence was in, the court settled instructions in chambers which were based on both legal theories. At the close of this conference the court inquired whether either counsel had objections to the instructions. Plaintiff's counsel remained silent, while defendant's counsel stated that he hadn't had a chance to read them. Following this, defendant's counsel made a motion for a directed verdict on both counts, and the court granted defendant's motion as to the malpractice count only. Thereafter closing arguments were made by counsel and the jury was instructed on both appellant's malpractice theory, which had been directed out, and the assault and battery theory. Then the court stated:

" . . . Are there any corrections or additions to the instructions?

MR. SAVOY: [Plaintiff's counsel] No.

MR. CHEIFETZ: [Defendant's counsel] If the Court please, I indicated I have a motion to present.

THE COURT: We will do that right after the jury retires."

The jury retired to consider the case and defendant's counsel made a motion for mistrial on the basis of plaintiff's closing argument. Following this, plaintiff's co-counsel stated:

"MR. STOCKTON: Let's agree that each of us will file our record with regard to the instructions.

THE COURT: You can do that in my absence.

MR. SAVOY: We are objecting to the instructions numbered 2, 5, 9, 10, 11 and—I'm sorry, 2, 5, 7, 9 and 10, on the grounds that our first cause of action on the question of malpractice was dismissed; and all of these instructions are with reference to a malpractice action and in addition to which the instructions, particularly Instruction Number 5 and Number 9, are contrary to law.

THE COURT: In what respect?

MR. SAVOY: The Instruction Number 5 which is on the presumption—on no presumption of negligence because of certain effects is not a complete statement of law.

The instruction goes on to say that as applied to this case means the mere fact she suffered an injury isn't negligence on the part of the defendant. That alone is not a proper instruction because that would indicate if they find there is negligence, then there is no malpractice is the inference given in the instruction . . . ."

Defendant's counsel then objected to the negligence or malpractice instructions saying:

"MR. CHEIFETZ: What concerned me about that instruction is again, it negated the Court's finding that there was a directed verdict on the issue of negligence and set up a standard by which the jury could find liability based on failure to comply with the standard of care, and there was no evidence to support the giving of that instruction. . . ."

The jury returned a verdict for the defendant and the plaintiff appeals from the judgment and the denial of a motion for new trial.

■ Plaintiff contends on appeal that the instructions as a whole required the jury to find the defendant negligent, along with the other elements of an assault and battery, before returning a verdict in favor of the plaintiff and that the jury was

therefore misled. The defendant argues that according to Rule 51(a), Rules of Civil Procedure, 16 A.R.S., a timely objection is required so that the error can be corrected by the trial court. We agree with the defendant.

Rule 51(a) states in its pertinent part,

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ."

■ The appellate courts of Arizona have for the most part interpreted this provision to mean exactly what it says, namely, that appellant is required to object *prior* to the time the jury retires. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968). It is quite clear from the record that plaintiff failed to do this prior to the jury's retiring to consider this matter. Plaintiff affirmatively stated that she had no objections to the instructions after the instructions were given. Hence, she has waived this as error, Orlando, *supra,* unless "fundamental" error occurred by the giving of these instructions. We do not believe this to be the case here for the reasons stated in Ruiz v. Faulkner, 12 Ariz.App. 352, 470 P.2d 500 (1970). Moreover, in our opinion plaintiff benefited from the giving of the instructions by getting two theories of recovery before the jury by the instructions. A verdict on either theory would have been in plaintiff's favor because the form of verdict given the jury was general in form and it was not objected to by either party. Our reading of the record does not demonstrate that plaintiff was prejudiced by the instructions.

We do not deem our opinion in Valentine v. Faulkner, 12 Ariz.App. 557, 473 P.2d 482 (1970), helpful to the plaintiff because in that case the trial judge required that the objections to instructions be entered after the jury was instructed and had

retired to consider the case. That was not the situation here.

Judgment affirmed.

HAIRE, C. J., and JACOBSON, J., concur.