499 P.2d 754

**UNITED BANK OF ARIZONA, a state banking association, Appellant,**

v.

**Terrance L. WINE, Appellee.**

**William B. MALOUF and Victoria Virginia Malouf, his wife, et al., Appellants,**

v.

**Terrance L. WINE, Appellee.**

**Nos. 1 CA–CIV 1885, 1 CA–CIV 1852.**

Court of Appeals of Arizona, Division 1.

July 25, 1972.

Rehearing Denied Sept. 28, 1972.
Review Denied Nov. 28, 1972.

Murphy, Posner & Franks, by John R. Franks, Phoenix, for appellants Malouf and Hall.

Carson, Messinger, Elliott Laughlin & Ragan by Robert W. Holland, Phoenix, for appellant United Bank of Ariz.

Cunningham, Goodson, Tiffany & Weltsch, Ltd., by James P. Cunningham, Phoenix, for appellee.

HATHAWAY, Judge.

These appeals arise out of a lawsuit instituted by appellee to recover sums allegedly due under a contract of sale between him as seller and the bank's predecessor in interest in its capacity as trustee. The various individual defendants were trust beneficiaries and subsequent to execution of the subject contract, the bank was replaced as co-trustee by defendants Gary Malouf and Gerard L. Hall.

The case was tried to the court sitting with a jury and prior to submission the court directed a verdict in favor of the plaintiff on the defendants' respective counterclaims. The jury found in favor of the plaintiff and assessed damages at $28,700, the amount due under the contract, and judgment was entered in that amount together with interest thereon at the rate of 6% from December, 1967 to June, 1971. All defendants subsequently moved for a new trial and the motions were denied. Two separate appeals have been prosecuted, one by the bank and the other by the individual defendants.

The thrust of both appeals is directed to jury instructions. Complaint is made as to the trial court's refusal of or modification of certain requested instructions and the wording of others given. The record reflects that instructions were settled in chambers and the parties stipulated that:

"counsel may make their record of objections to instructions of law as given by the court after the jury retires to deliberate, as though fully made at the end of the case."

The record further shows that it was at the court's suggestion that counsel agreed to make the formal record of objections after the jury retired and that counsel did so.

Division One of this court in the case of Valentine v. Faulkner, 12 Ariz.App. 557, 473 P.2d 482 (1970), expressed disapproval of this procedure, stating:

"Rule 51(a) is designed to assist the trial judge in the often difficult and complex task of correctly instructing the jury on the applicable law to the case under consideration. The rule is also designed to protect the interest of the parties by insuring that questionable instructions, when properly objected to, may be reviewed on appeal." 12 Ariz.App. at 560, 473 P.2d at 485.

Although this procedure is deemed to satisfy the "timeliness" requirement of Rule 51(a), 16 A.R.S., it does not dispense with the requirement that an appellate court be furnished with the requisite tools for review. The record on appeal includes a transcript of the testimony presented at trial; however, it does not include the court's charge to the jury or the basis for the defendants' objections to the instructions. It is well-settled that appropriate objections to the trial court is a prerequisite to invoking appellate review of instructions. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968). The record on appeal must not only contain the instructions tendered, but also the objections presented by the complaining party—otherwise nothing is presented for appellate review. Roblek v. Horst, 147 Colo. 55, 362 P.2d 869 (1961); Saunders v. Schultz, 22 Ill.App.2d 402, 161 N.E.2d 129 (1959); County School Bd. v. Thomas, 201 Va. 608, 112 S.E.2d 877 (1960); Bituminous Cas. Corp. v. Moore, 396 S.W.2d 249 (Tex. 1965). Where, as here, the record only reflects that objections were made, it is insufficient to apprise this court of the specific objections presented to the trial court when the instructions were under consideration. Robles v. Central Surety and Ins. Corp., 188 Kan. 506, 363 P.2d 427 (1961).

Since our examination of the instructions in question discloses no "fundamental error" so as to extinguish the sanction of waiver, we hold that appellants are now foreclosed from attacking them.

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.