**Colleen S. McCLINTIC, D.C., Plaintiff–Appellant,**

v.

**Donald C. HESSE, II, Defendant–Appellee.**

**No. 05CA0068.**

Colorado Court of Appeals, Div. III.

Aug. 10, 2006.

612

Fogel, Keating, Wagner, Polidori & Shafner, P.C., William L. Keating, Steven R. Polidori, Kristin D. Sanko, Denver, Colorado, for Plaintiff–Appellant.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Denver, Colorado, for Defendant-Appellee.

Opinion by Judge FURMAN.

In this action arising from a rear-end automobile collision, plaintiff, Colleen S. McClintic, appeals from a judgment entered upon a jury verdict in her favor that apportioned thirty percent of fault to her and seventy percent to defendant, Donald C. Hesse, II. We reverse and remand.

## I.

On February 12, 2001, both McClintic and Hesse were traveling westbound through the mountains on Interstate 70. Road conditions were dry; the day was clear and sunny. McClintic was traveling in the right lane when she saw a herd of Rocky Mountain bighorn sheep between 300 and 900 feet ahead. Some of the animals were in her lane of travel, and some were on the shoulder of the highway.

Upon seeing the sheep, McClintic scanned her rear-view mirrors to determine her best course of action. A truck in the left lane of the interstate prevented her from changing lanes. However, she saw no vehicles behind her and decided that her best course of action would be to slow down in order to avoid striking the sheep. McClintic slowed her vehicle to the speed of ten to thirty miles per hour, while remaining in the right travel lane.

At the same time, Hesse was closely following a slow-moving semi truck in the left lane, some distance behind McClintic. Another driver approached Hesse from behind and flashed his lights, indicating that he wanted to pass. Although Hesse could not see into the right lane, he completed a lane change to the right, where he then saw McClintic's vehicle traveling slowly ahead of him. Hesse slammed on his brakes, but was unable to stop before striking McClintic's vehicle.

McClintic filed a complaint against Hesse for personal injuries sustained in the accident. At the close of evidence McClintic moved for a directed verdict, asking the trial court to enter an order finding that Hesse was 100% negligent and that McClintic was not comparatively negligent. The court denied McClintic's motion and submitted the issue of negligence to the jury.

The jury awarded McClintic $170,000 in damages, but found Hesse was seventy percent negligent and McClintic was thirty percent negligent. McClintic sought judgment notwithstanding the verdict, requesting the trial court enter an order finding Hesse solely liable for the accident. The court denied her motion.

This appeal followed.

## II.

McClintic contends that Hesse was solely negligent as a matter of law for causing the accident and that the trial court should have granted her motion for directed verdict made at the conclusion of the case. We agree.

### A.

■ Both McClintic and Hesse recognize that, in a rear-end collision, the driver who approaches from the rear and collides with the car in front is presumed negligent. *Huntoon v. TCI Cablevision of Colo., Inc.,* 969 P.2d 681, 687 (Colo.1998); *Gaulin v. Templin,* 162 Colo. 55, 59, 424 P.2d 377, 379 (1967); *Iacino v. Brown,* 121 Colo. 450, 455, 217 P.2d 266, 268 (1950). Because Hesse's vehicle struck McClintic's vehicle from behind, the rear-end collision presumption operates in the present case.

■ However, both parties also acknowledge that this presumption may be rebutted by evidence tending to show that the negligence of the driver in front caused the damages. *Huntoon, supra; Hughes v. Worth,* 162 Colo. 429, 432, 427 P.2d 327, 328 (1967). Hesse offers three arguments in support of his contention that McClintic was contributorily negligent. We consider and reject these arguments.

### 1.

■ First, Hesse contends that McClintic's failure to pull her vehicle onto the shoul-

der upon seeing the sheep was a breach of her duty. We disagree.

Hesse does not cite, and we are unable to find, any authority suggesting that a driver has a duty to pull onto the shoulder when seeing animals on the roadway or that a driver breaches a more general duty by failing to do so. Without such a duty, McClintic cannot be negligent as a matter of law for failing to pull over.

## 2.

Second, Hesse argues that McClintic breached her duty to drive reasonably under the circumstances and exercise care for the safety of others. Again, we disagree.

Although Colorado has not yet considered what constitutes negligence in a two-car, rear-end accident precipitated by animals on the roadway, other jurisdictions have applied the sudden emergency doctrine to this factual scenario. *See Lowery v. Turner*, 19 Ariz.App. 299, 506 P.2d 1084 (1973); *Johnston v. Ecord*, 196 Kan. 521, 412 P.2d 990, 997 (1966) (sudden appearance of dog on roadway warrants application of sudden emergency doctrine); *Kuether v. Locke*, 261 Minn. 41, 110 N.W.2d 539, 544 (1961)(holding that an unexpected confrontation with an animal on the highway invokes the sudden emergency doctrine); *Sannes v. Olds*, 458 P.2d 729 (Wyo.1969). We agree with the reasoning of these cases and now adopt the same standard for Colorado.

Here, McClintic encountered a herd of bighorn sheep on the roadway. These animals created an emergency situation that warrants application of the sudden emergency doctrine.

In Colorado, the sudden emergency doctrine provides that "[a] person who, through no fault of his or her own, is placed in a sudden emergency, is not chargeable with negligence if the person exercises that degree of care which a reasonably careful person would have exercised under the same or similar circumstances." *Young v. Clark*, 814 P.2d 364, 365 (Colo.1991) (quoting CJI–Civ.2d 9:10).

Upon encountering the sheep, McClintic was forced to survey the situation and make a quick decision. She saw a truck on her left side and sheep positioned ahead on the right shoulder, but no cars behind her. Thus, the only open space on the roadway was directly behind her. After assessing the situation, McClintic decided her safest course of action would be to utilize this space and decelerate. Given these facts, we find as a matter of law that McClintic exercised the same degree of care that a reasonably prudent person would have exercised under the circumstances when she surveyed the situation and reduced her speed to between ten and thirty miles per hour.

## 3.

Third, Hesse contends that McClintic breached her duty not to drive excessively slowly under the circumstances and thereby was negligent. We disagree.

Colorado has created a statutory duty not to drive "at such a slow speed as to impede or block normal and reasonable forward movement of traffic, *except* when ... necessary for safe operation of [a] vehicle." Section 42–4–1103(1), C.R.S.2005 (emphasis added).

We initially note that Hesse does not cite, and we are unable to find, any case that has used § 42–4–1103 as a basis for establishing negligence. Also, as we have just held, McClintic's deceleration was necessary under the circumstances for safe operation of her vehicle. Moreover, because there were no vehicles behind her when she decided to slow down, there also was no "forward movement of traffic" for her to "impede." Accordingly, we find as a matter of law that McClintic did not violate § 42–4–1103(1).

## B.

A court considering a motion for directed verdict must view the evidence and all reasonable inferences arising therefrom in the light most favorable to the nonmoving party. *Fair v. Red Lion Inn*, 943 P.2d 431, 436 (Colo.1997). If the evidence cannot support a verdict in favor of the nonmoving party, the court should not submit the issue

in question to the jury and should enter a directed verdict. *Huntoon, supra; see Gordon v. Benson,* 925 P.2d 775, 778 (Colo.1996) (it is reversible error to submit the issue of comparative negligence to the jury when there is no supporting evidence).

 Here, a presumption arises that Hesse was negligent as the trailing driver in a rear-end collision. Weighing all evidence in the light most favorable to Hesse and drawing all reasonable inferences in his favor, we find that he has not offered any evidence that McClintic was contributorily negligent. Thus, as a matter of law Hesse cannot rebut the rear-end collision presumption. Rather than submit the issue of McClintic's contributory negligence to the jury, the court should have directed a verdict in her favor.

Having decided that the court should have granted McClintic's motion for a directed verdict, we need not consider the parties' remaining contentions.

The judgment is reversed, and the case is remanded for entry of a new judgment in favor of McClintic without apportionment of fault to her, but otherwise in accordance with the jury's verdict.

Judge TAUBMAN and Judge CRISWELL * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.